United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEN MOOREHEAD,

        Plaintiff,

    v.

SPRINT, *et al.*,

        Defendants.
_____/

No. C-08-0436 EMC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

        Plaintiff Ken Moorehead has filed a complaint against Defendants Sprint and West Coast Management, alleging, *inter alia*, that Sprint charged him excessive and unfair fees related to his purchase of a cell phone service from Sprint. Mr. Moorehead has also filed with the Court an application to proceed *in forma pauperis* and a request for appointment of counsel. Mr. Moorehead has consented to proceed before a magistrate judge.

## I.  DISCUSSION

A.   *In Forma Pauperis* Application

        When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In his financial affidavit, Mr. Moorehead states that he is employed but that his monthly salary (net) is only $800. He has no other source of income, does not own a home or car, and does not have a bank account or any cash in his possession. His monthly expenses exceed his monthly salary (both gross and net). Given the circumstances, the Court grants Mr. Haque's application to proceed *in forma pauperis*.

B.  Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addition, this Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See Khan v. Bhutto*, C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny *in forma pauperis* status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction").

Based on the allegations in Mr. Moorehead's complaint, the Court concludes that it lacks subject matter jurisdiction over the instant case.

Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, but the Court cannot discern any cognizable claim based on federal law in Mr. Moorehead's complaint. For example, although Mr. Moorehead refers to 15 U.S.C. § 1637 in his complaint, there are no allegations indicating that Mr. Moorehead has a claim under the Truth in Lending Act ("TILA"). "The purpose of the Truth In Lending Act is to ensure that users of consumer credit are informed as to the terms on which credit is offered them,"[1] *Jones v. E*Trade Mortg. Corp.*, 397 F.3d 810, 812 (9th Cir. 2005), and there is no allegation in the complaint that either Sprint or West Asset offered to extend or did in fact extend credit to Mr. Moorehead. Nor is there any allegation that Mr. Moorehad had an open end credit plan with Sprint or West Asset. *See* 15 U.S.C. § 1637 (governing open end

---

[1] "The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(e).

1  consumer credit plans); *id.* § 1602(i) (defining "open end credit plan" as "a plan under which the
2  creditor reasonably contemplates repeated transactions, which prescribes the terms of such
3  transactions, and which provides for a finance charge which may be computed from time to time on
4  the outstanding unpaid balance"). In addition, although, in his complaint, Mr. Moorehead makes a
5  confusing argument that it is "unfair to be left alone and isolated" and, as part of that argument,
6  makes reference to the First and Eighth Amendments, there is no allegation that either Sprint or
7  West Asset caused this injury. Even if there were such an allegation, private actors such as Sprint
8  and West Asset ordinarily cannot be held liable for a violation of the Constitution unless there is
9  significant state involvement. *See* 42 U.S.C. § 1983 (imposing civil liability on an individual who
10 "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . .
11 . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws");
12 *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002) (describing four tests for determining whether
13 a private individual's actions amount to state action: (1) the public function test; (2) the joint action
14 test; (3) the state compulsion test; and (4) the governmental nexus test).

15    Under 28 U.S.C. § 1332, a federal court also has subject matter jurisdiction when each of the
16 plaintiffs is a citizen of a different state from each of the defendants (*i.e.*, when there is "complete
17 diversity") and the amount in controversy exceeds $75,000. In the case at bar, however, Mr.
18 Moorehead has not made any allegations as to the citizenship of either Sprint or West Asset.[2] At
19 best, Mr. Moorehead indicates that Sprint and West Asset maintain post office boxes in Texas.
20 Furthermore, based on the allegations in the complaint, it appears that the amount in controversy is
21 well below $75,000.

22    Accordingly, the Court dismisses the complaint for lack of subject matter jurisdiction. The
23 Court, however, shall give Mr. Moorehead thirty (30) days to file an amended complaint if,
24 consistent with the requirements of Federal Rule of Civil Procedure 11, he can allege facts that

---

[2] If Sprint or West Asset were a corporation, then it would be a citizen of the state where it has been incorporated and a citizen of the state where it has its principal place of business. *See Montrose Chem. Corp. v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) ("To identify a corporation's citizenship for purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .'").

Case 3:08-cv-00436-EMC   Document 4   Filed 03/25/08   Page 4 of 5

1  establish federal jurisdiction. If Mr. Moorehead does not file an amended complaint within thirty
2  days, then the Clerk of the Court shall enter judgment and close the file in this case.

## II.   CONCLUSION

The complaint is dismissed without prejudice. Mr. Moorehead shall have thirty (30) days from the date of this order to file an amended complaint over which this Court has subject matter jurisdiction.

IT IS SO ORDERED.

Dated: March 25, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MOOREHEAD, | No. C-08-0436 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| SPRINT, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

KEN MOOREHEAD
660 O'Farrell Street #2
San Francisco, CA 94109

Dated:  March 25, 2008            RICHARD W. WIEKING, CLERK

                                  By:      /s/
                                        Leni Doyle
                                        Deputy Clerk